IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNY L. MERICHKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08-588 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge

### **MEMORANDUM OPINION**

*Pro Se* Plaintiff, Jenny L. Merichko, has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. 42 U.S.C. §§401-433, 1381-1383(f). On February 23, 2005, Plaintiff applied for DIB and SSI alleging disability as of March 21, 1996, due to fibromyalgia, cervical strain and thoracic strain. (R. 83-86). The claim was denied and, subsequently, Administrative Law Judge Alma S. Deleon ("ALJ") held a hearing on April 6, 2007, at which time Plaintiff, who was not represented by counsel, and a vocational expert both testified. (R. 222-256). On June 29, 2007, the ALJ issued a decision finding that Plaintiff was not disabled. (R.12-22).

Plaintiff filed a timely appeal with the Appeals Council. The Appeals Council denied her appeal. (R. 4-6). Plaintiff then timely filed this action. (Docket Nos. 1 and 4).

The parties have filed cross motions for summary judgment. (Docket Nos. 11 and 15).

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901

(3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998).  To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  See 5 U.S.C. § 706.

To be eligible for social security benefits, the Plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).  The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative gainful activity (step 5).  *Id.*

2

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

*Pro Se* Plaintiff's Motion and Brief fail to assert any specific error with the opinion of the ALJ. (Docket Nos. 11 and 12). Rather, her Brief describes a series of alleged criminal activity. In her conclusion, Plaintiff recognizes that "this may not be a civil case, but a criminal case...." My review is limited to whether substantial evidence exists in the record to support the Commissioner's decision. As for this case, therefore, I am not vested with the authority to address anything other than whether substantial evidence exists in the record to support the Commissioner's decision. Consequently, summary judgment in favor of Plaintiff is not warranted.

Nonetheless, having reviewed the Commissioner of Social Security's final decision, wherein Plaintiff's claim for Supplemental Security Income was denied, I find that the Commissioner's findings are supported by substantial evidence, and accordingly, affirm. *See,* 42 U.S.C. §405(g); *Jesurum v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

**THEREFORE,** this 23rd day of April, 2009, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied, Defendant's Motion for Summary Judgment (Docket No. 15) is granted and the decision of the Commissioner is affirmed.

The case shall be marked "CLOSED."